UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                        **DECISION AND ORDER**
                                              17-CR-119-A

ROMAN DUNNIGAN,
HENRY LLOYD,

                        Defendants.
_____

      Defendants Roman Dunnigan and Henry Lloyd have moved to dismiss the indictment, with prejudice, based primarily on Sixth Amendment and statutory speedy trial grounds (Dkt. Nos. 134, 135). The Government opposed both motions (Dkt. No. 139). Oral argument was held before the Court on June 17, 2020. For the reasons stated below, the Court finds that neither defendants' statutory nor Sixth Amendment speedy trial rights have been violated. For ease of reference, the Court includes an appendix to this opinion showing the Court's calculation of defendants' Speedy Trial Act clock as to the periods of delay at issue.

## BACKGROUND

      The Court assumes the parties' familiarity with the prior proceedings, the pending motions, and the arguments that have been raised. The Court refers to those proceedings and its rulings only as is necessary to explain the reasoning that follows.

      Defendants are charged in a one-count indictment with conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 846 (Dkt. No. 1). The single

1

charge stems from a series of events beginning on May 8, 2017 and concluding on May 11, 2017 (the latter date, when defendants were arrested in Texas), that are described in the Court's decision on defendant Roman Dunnigan's Motion to Change Venue, which is incorporated herein by reference (*see* Dkt. No. 153; *see also* Dkt. Nos. 53, 116). Defendants were indicted in this District less than a month and a half later, on June 20, 2017 (Dkt. No. 1).

Defendant Dunnigan was arrested on May 11, 2017 in Texas; arraigned on June 22, 2017 in the Western District of New York; remanded to custody after a June 28, 2017 detention hearing; and released on conditions, including home confinement with electronic monitoring, on November 4, 2019 (Dkt. Nos. 3, 6, 8, 123). On July 16, 2020, the Court granted Dunnigan's motion to modify the conditions of release, with some caveats (Dkt. Nos. 145, 155).

Defendant Lloyd, previously convicted of conspiracy to commit money laundering, was on federal supervised release at the time of the alleged conduct (*see* 12-CR-181-A). Lloyd was arrested in Texas on May 11, 2017 along with Dunnigan and was arraigned in this case on September 15, 2017 (Dkt. No. 16).[1] He was later released on conditions, including home incarceration at his brother's residence with electronic monitoring, on August 7, 2019 (Dkt. Nos. 93, 96). On December 23, 2019, the Court modified the conditions to be less restrictive, to home confinement with a curfew so that defendant could work specified hours at his brother's place of business. On July 2, 2020, the Court denied Lloyd's motion seeking to remove the condition of

---

[1] Lloyd waived his right to a detention hearing when he was arraigned in this case on September 15, 2017 pending the outcome of the petition alleging his violation of supervised release (Dkt. No. 16). Lloyd faced a statutory maximum of 24 months for the alleged violation of conditions prohibiting commission of another crime and leaving the District without permission of the Court or the probation officer.

electronic monitoring but granted his alternative request to impose a curfew instead of home incarceration (*see* Dkt. No. 141).

Jury selection and a trial are scheduled for August 18, 2020.

## DISCUSSION

Defendants move to dismiss the indictment on the ground that their rights to a speedy trial under the Sixth Amendment and the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* (the "Act"), have been violated because of delays in bringing them to trial. For good measure, they move to dismiss the charges on the ground that there was a pre-indictment delay in violation of the due process clause of the Fifth Amendment.

**I.  Speedy Trial Act Claims.**

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, generally requires a defendant's trial to begin within 70 days of the defendant's first appearance before a judicial officer or the filing of an indictment, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1); *see also United States v. Oberoi*, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003), *aff'd* 547 F.3d 436 (2d Cir. 2008). If the defendant is not brought to trial before the 70-day clock runs out, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The defendant bears the burden of proving a violation of the Act on such a motion. *See* 18 U.S.C. § 3162 (a)(2) (providing that "[t]he defendant shall have the burden of proof of supporting such motion . . ."); *see also United States v. Adams*, 448 F.3d 492, 503 (2d Cir. 2006).

The Act excludes certain periods of delay from the 70-day clock as a matter of law, and they do not count against the Act's 70-day time-to-trial clock. *See e.g.* 18

3

U.S.C. § 3161(h)(1)(A)-(H).  Of particular note is 18 U.S.C. § 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion".  *See United States v. Tinklenberg*, 563 U.S. 647, 660 (2011) (the filing of a motion automatically stops the speedy trial clock without regard to causation or the reasonableness of ensuing delay).  In addition, up to thirty days of time is excluded "during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H).  Also excludable is "any period of delay . . . if the judge . . . find[s] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Under this exclusion, the court must "set[] forth, in the record of the case, either orally or in writing, its reasons [for so finding]."  *Id.*

The crux of Dunnigan's statutory speedy trial argument is that the period between April 30, 2019 and July 16, 2019 (that totals 78 days) was not properly excluded, therefore necessitating dismissal of the indictment.[2]  Although Lloyd moved to join in Dunnigan's motion to dismiss, adopting all of Dunnigan's arguments, in his reply papers Lloyd does not just contest the period identified by Lloyd as non-excludable time; rather, he posits that there are *four* periods (including the period identified by Dunnigan) adding up to 126 days that were not excluded (and thus exceeding the 70-day allowance by 56 days), i.e. between (1) December 26, 2018 and January 25, 2019;

---

[2] Dunnigan's motion papers indicated that the contested time-period was a total of 142 days, between March 25, 2019 and August 14, 2019 (Dkt. No. 134, pp. 2-4).  At oral argument, however, Dunnigan's counsel narrowed this time-period to between April 30, 2019 and July 16, 2019.  The Court notes that at oral argument, Dunnigan incorrectly argued that the April 30, 2019 and July 16, 2019 period totals 87 days.

4

(2) March 25, 2019 and April 1, 2019; (3) April 30, 2019 and July 16, 2019; and (4) July 26, 2019 and August 7, 2019.

The Government counters that 70 days remain on the speedy trial clock, as no days have elapsed. The Government argues that the filing of various motions (i.e. Dunnigan's motion to reopen the suppression hearing, motion for change of venue, and motion for release from custody) (*see* Dkt. Nos. 60, 68, 90) resulted in time being automatically excluded, covering the periods at issue. Specifically, the Government argues that time was automatically excluded from September 19, 2018 when Dunnigan filed his motion to reopen the suppression hearing (Dkt. No. 60) until October 17, 2019, when the Court issued its decision denying Dunnigan's motion to suppress evidence (Dkt. No. 116).

The Court concludes that the time frames at issue were all properly excluded due to the proceedings and motion practice surrounding the suppression issue, and for other additional reasons, as is explained below. *See* Appendix, *infra*;[3] *see also Tinklenberg*, 563 U.S. at 660; 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(H), 3161(h)(7)(A).

By way of brief background, a suppression hearing was initially held on December 5, 2017, with respect to the May 11, 2017 search of Dunnigan's vehicle in Texas. The search involved a "canine search" with Lola, the canine partner of Houston Police Department K-9 Officer Steven Fisher. Suppression was denied following the initial hearing.

---

[3] Because a more extensive overview of the Docket is deemed unnecessary and too cumbersome for the purposes of this Decision and Order, the Appendix is to serve merely as a guide to the overlapping periods of excluded time, particularly as to the suppression issue. Other notable motions are included in the Appendix but the Court does not calculate time that was automatically excluded following the filing of those motions, i.e. "delay resulting from any pretrial motion" and any 30-day under-advisement periods. *See* 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(1)(H).

On September 9, 2018, Dunnigan filed the subject supplemental motion to suppress all evidence obtained from the search of his vehicle (Dkt. No. 60).  The supplemental motion asked the Court to reopen the matter and to order another evidentiary hearing on the suppression issue, so that newly-retained counsel could challenge the K-9 assisted search of Dunnigan's vehicle (which had not been previously argued by Dunnigan's former attorney in the initial suppression motion).  The United States filed a response in opposition to the supplemental motion on October 15, 2018 (Dkt. No. 72).

Because of the new issues raised by Dunnigan concerning how the K-9 sniff was conducted, this Court granted Dunnigan's motion to reopen the hearing on January 28, 2019 (*see* CM/ECF Minute Entry for Jan. 28, 2018).  Status conferences regarding the forthcoming evidentiary hearing on the suppression issue were held on February 25, 2019 and August 8, 2019 (*see* CM/ECF Minute Entries for Feb. 25, 2019 and Aug. 8, 2019; Dkt. No. 94).

On August 14, 2019, this Court held the evidentiary hearing and set a post-argument briefing schedule (*see* CM/ECF Minute Entry for Aug. 14, 2019).  Dunnigan filed his post-argument brief on September 6, 2019 (Dkt. No. 103), and the Government filed its brief on September 13, 2019. (Dkt. No. 105).  Oral argument following the evidentiary hearing was held on September 19, 2019 and the Court reserved decision (*see* CM/ECF Minute Entry for Sept. 19, 2019).  At a proceeding held on October 15, 2019, the Court gave an oral ruling on Dunnigan's motion to suppress, which was followed by a written Decision and Order issued on October 17, 2019 denying Dunnigan's motion (*see* CM/ECF Minute Entry for Oct. 15, 2019; Dkt. No. 116).

The defendants overlook that the filing of defendant Dunnigan's supplemental motion to suppress tolled the Act, and as to *both* defendants. *See United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986) (holding that cases involving multiple defendants are governed by a single speedy trial clock, and pursuant to § 3161(h)(7), any "delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants"). "If no motion for severance is made, a pending motion of a co-defendant stops the Speedy Trial clock as to all defendants." *United States v. Vasquez*, 1989 U.S. Dist. LEXIS 8156, *16-17 (S.D.N.Y. July 13, 1989), *aff'd* 918 F.2d 329, 336-337 (2d Cir. 1990) (holding that subsection (h)(7) "imposes a unitary time clock on all co-defendants joined for trial"). In other words, because Lloyd is joined for trial with Dunnigan and because no motion for severance has been granted, the delay resulting from Dunnigan's supplemental motion to suppress is also excludable as to Lloyd.

After Dunnigan's motion was filed, the clock was automatically tolled until August 14, 2019, when this Court held the evidentiary hearing. *See* 18 U.S.C. § 3161(h)(1)(D). At the conclusion of the hearing, the Court deemed it necessary to direct the parties to submit post-argument briefs and to hold further oral argument. As to those events, the Act automatically excludes all time while the Court "awaits the briefs and materials needed to resolve a motion on which a hearing has been held". *Henderson v. United States*, 476 U.S. 321, 331 (1986) (interpreting § 3161(h)(1)(D) and thus declining to exclude only "reasonably necessary" delays); *see Tinklenberg*, 563 U.S. at 650 (holding that § 3161(h)(1)(D) requires no finding of causation or just cause and the filing of the pre-trial motion itself is the triggering event).

The Court then issued its oral ruling on the motion on October 15, 2019, followed by its written Decision and Order two days thereafter. The time between the conclusion of the briefing and the oral ruling is also automatically excluded from the defendants' speedy trial clock—as time that the Court spent considering the motion after it was deemed submitted. *See* § 3161(h)(1)(H); *United States v. Bufalino*, 683 F.2d 639, 642-647 (2d Cir. 1982) (interpreting the Act's legislative history to mean that the word "proceeding" in § 3161(h)(1)(H) encompasses pre-trial motions); *Henderson*, 476 U.S. at 331-332 (calculating the number of nonexcludable dates to exclude the period when the court was awaiting briefing plus a 30-day advisement period).

Dunnigan, in contesting the time-period between April 30, 2019 and July 16, 2019, focuses on an interest-of-justice finding made on the record on February 25, 2019 during one of the status conferences on the evidentiary hearing, to exclude the following four weeks' worth of time (*see* CM/ECF Minute Entry for Feb. 25, 2019). He asserts that the finding was not properly again stated on the record on March 25, 2019. However, Dunnigan also conceded during oral argument that his motion for release from custody and for a status conference was filed on April 1, 2019 (Dkt. No. 90), therefore arguing that the non-excludable time-period began on April 30, 2019 or May 1, 2019. Not only does Dunnigan incorrectly assume a 30-day period after the filing of initial motion papers, he also fails to acknowledge his pending, supplemental suppression motion—essentially disregarding the holding in *Tinklenberg*, i.e. that the filing of a motion automatically stops the time-to-trial clock, regardless of causation or reasonableness of the ensuing delay. *See Tinklenberg*, 563 U.S. at 660.

8

The time-periods raised by Lloyd are likewise excludable pursuant to the above analysis, as time necessary to acquire all briefing and information on the suppression issue and thereafter assess and decide it.  There were additionally other pretrial motions that automatically stopped the speedy trial clock for intermittent periods, such as motions for release from custody and to modify conditions of release, and a motion to change venue (*see e.g.* Dkt. Nos. 62, 68, 83, 90, 91).  Moreover, on September 20, 2018, this Court issued an order excluding time from the speedy trial clock from August 8, 2018 until February 19, 2019 pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv), due to newly-assigned defense counsel's unavailability for trial (rescheduling the trial to begin on February 19, 2019) and in order for defendants to maintain continuity of counsel and for new defense counsel to have adequate time to diligently prepare for trial (Dkt. No. 63).  Therefore, the first period contested by Lloyd (between December 26, 2018 and January 25, 2019) is excludable for this reason as well.

In sum, the time periods contested by the defendants were properly, automatically excluded from the 70-day time-to-trial clock pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(1)(H), so that the Court could properly determine the suppression issue, among other pending pre-trial motions.  *See* Appendix, *infra*; *see also Tinklenberg*, 563 U.S. at 660.  Accordingly, because no time has run on the speedy trial clock, the defendants' motions to dismiss on statutory speedy trial grounds are denied.

## II.     Sixth Amendment Speedy Trial Claims.

"[I]t would be an unusual case in which the time limits of the [Speedy Trial Act] have been met but the [S]ixth [A]mendment right to speedy trial has been violated." *United States v. Douglas*, 2008 U.S. Dist. LEXIS 34280, *16 (D. Vt. Apr. 24, 2008) (citations and internal quotation marks omitted). The Supreme Court has identified four inter-related factors to be considered in determining whether a defendant's constitutional right to a speedy trial has been violated: " 'the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " *Doggett v. United States*, 505 U.S. 647, 651 (1992), quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972). If a violation of an accused's Sixth Amendment speedy trial right is established, the pending charges are dismissed with prejudice. *See Strunk v. United States*, 412 U.S. 434, 438 (1973).

The length of the delay here (approximately three years since defendants were indicted on June 20, 2017) justifies inquiry into the remaining *Barker* factors. *See Doggett*, 505 U.S. at 652 n.1; *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992). At oral argument, the Government conceded this point in Dunnigan's favor. However, the Government argues that all four of the *Barker* factors weigh against defendant Lloyd including length of delay, because he was in custody for only approximately three months over the statutory maximum (i.e. 24 months) on his violation of supervised release (12-CR-181). At this point, the Court presumes that the Government's argument is unfounded, as it is based on the assumption that Lloyd will be found guilty of the alleged violation and receive the maximum penalty. Therefore, the Court will consider all *Barker* factors with respect to both defendants.

10

None of the three remaining factors tend to weigh in favor of Dunnigan. Dunnigan argues in support of the second and third factors that if his motion for change of venue to the Southern District of Texas (Dkt. No. 68) had been granted, discovery would have been more easily conducted there and the case would have gone to trial "long ago". The Court acknowledges that Dunnigan's motion to change venue remained undecided following oral argument on November 26, 2018, as it was overlooked among the pending proceedings. However, the Court has recently issued a decision denying the motion and concluding that Dunnigan's arguments for change in venue are in its discretion, collectively, without merit (*see* Dkt. No. 153).

Aside from an allegedly improper venue,[4] Dunnigan vaguely argues that the second factor, the reason for the delay, is the result of Government neglect. He does not meet his burden on this factor. Contrary to Dunnigan's argument, this factor weighs against finding a constitutional violation because it appears the majority of delays are attributable to Dunnigan. Dunnigan filed a litany of pretrial motions, and he is now represented by his third attorney. Other delays in the prosecution appear either valid or neutral.

With respect to the third factor, Dunnigan's assertion of his right to a speedy trial, Dunnigan argues that he sought to move the case along by filing the change in venue application in October 2018, and that he asserted his right to a speedy trial within that application. On the contrary, Dunnigan conceded he had "never asked for an immediate trial" (CM/ECF Minute Entry for Nov. 27, 2019).

---

[4] Even as of the date the motion to change venue was filed by Dunnigan in October 2018, he conceded that "significant discovery" and pre-trial litigation had been completed, and also as of July 25, 2018 (Dkt. No. 74, pp. 2, 4). If the motion had been granted, there would have inevitably been further delays due to new attorneys and a newly-assigned Judge.

11

The fourth factor, prejudice to the defendant, "should be assessed in the light of the interests of defendant which the speedy trial right was designed to protect", namely, "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Of these interests, the last is the "most serious". *Id.* Dunnigan's arguments about prejudice to the defendant are generalized, regarding his anxiety, restriction of his mobility due to home confinement, and expense for his defense. He does not articulate prejudice such as unavailable witnesses or evidence, or lapses of memory due to the delay. Prejudice that is merely conjectural does not suffice to warrant dismissal. *See United States v. Moreno*, 789 F.3d 72, 81 (2d Cir. 2015). The Court therefore finds the absence of serious prejudice.

The second through fourth *Barker* factors when taken together likewise do not weigh in defendant Lloyd's favor. Lloyd does not argue prejudice; instead, he argues that there has been an "inordinate delay" interfering with his liberty aside from any possible prejudice. While he argues that he has been requesting a trial or severance for nearly a year and a half, Lloyd did not file a severance motion even though he was provided two briefing schedules to do so, with due dates for filing his motion by November 1, 2019, and later, December 16, 2019 (*see* Dkt. Nos. 119, 120; CM/ECF Minute Entries for Oct. 18, 2019, Nov. 5, 2019, and Nov. 27, 2019).[5] With respect to delay, Lloyd concedes that "*much of the delay* is the result of motion practice by both defendants" while arguing that other periods of delay are attributable to the Government

---

[5] Lloyd had previously made arguments for severance but those were made in the alternative and embedded within his motions for release from custody, filed on February 4, 2019 (Dkt. No. 83), and July 16, 2019 (Dkt. No. 91). He was thereafter released from custody on August 7, 2019, on conditions.

12

and the Court (Dkt. No. 140, pp. 4-5 [emphasis added]). The Court has considered Lloyd's remaining Sixth Amendment arguments in his reply papers and finds them to be without merit. On balance, there has been no violation of Lloyd's Sixth Amendment right to a speedy trial.

The Court has given careful consideration to the proper weight to assign to the four inter-related *Barker* factors in assessing defendants' Sixth Amendment speedy trial claims. The Court finds that the reasons for the delay were primarily neutral and valid, and that the delays in bringing the defendants to trial have not impaired the fundamental fairness of the prosecution enough to warrant dismissal under the Sixth Amendment.

### III.   Fifth Amendment Claims.

The Due Process Clause of the Fifth Amendment necessitates dismissal of the indictment if it is shown that pre-indictment delay "caused substantial prejudice to [defendants]' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (1971). Here, defendants fail to meet their burden because they have proven neither actual prejudice as a result of the alleged pre-indictment delay nor that the Government "intentionally delayed to gain some tactical advantage over [defendants] or to harass them." *Id.* at 325; *see United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) (noting this "heavy burden" on defendants). "Prejudice in this context has meant that sort of deprivation that impairs a defendant's right to a fair trial" . . . [and] is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness." *Cornielle*, 171 F.3d at 752.

Rather, defendants merely argue in a conclusory manner that the Government's choice to indict them in the Western District of New York, rather than the Southern District of Texas, constitutes unjustifiable conduct resulting in actual prejudice to them.[6] The Government counters that there is simply no pre-indictment delay, and the Court agrees. The conspiracy is alleged to have taken place sometime in May 2017 until May 11, 2017; defendants were arrested on May 11, 2017 in Houston; and the indictment was returned within a month-and-a-half in this District, on June 20, 2017. Defendants do not present any documentation (or even argument) suggesting bad faith on the part of the Government. They have not shown that they have suffered substantial prejudice to their rights or how that prejudice resulted from intentional tactics. Defendants' due process claims are thus "speculative" and without merit. *Marion*, 404 U.S. at 325-326 (rejecting due process claims but commenting that "actual prejudice may be shown if "memories . . . dim, witnesses become inaccessible, and evidence [is] lost").

## CONCLUSION

For the reasons set forth herein, the Court denies the defendants' motions to dismiss because their speedy trial rights under both the Speedy Trial Act and the Sixth Amendment were not violated, and there is no Fifth Amendment pre-indictment delay due process violation. Jury selection will proceed as previously ordered on August 18, 2020.

---

[6] Lloyd joined in Dunnigan's motion to dismiss but he does not make any substantive argument regarding the Fifth Amendment claim in his motion papers (*see* Dkt. Nos. 135, 140).

**SO ORDERED.**

   *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 17, 2020

# APPENDIX

| Date/Dkt. Number | Event | From | To | Days Excluded | Days Remaining |
|---|---|---|---|---|---|
| 6/22/2017, Dkt. 3; 9/15/2017, Dkt. 16 | Initial Appearances – 70-day clock begins on 6/23/2017, then 9/16/2017 (per 18 U.S.C. § 3161(c)(1)) | | | | 70 |
| ***No contested time until 12/26/2018.** | | | | 0 | 70 |
| **9/9/2018, Dkt. 60** | **Dunnigan Supp. Mtn. to Suppress, § 3161(h)(1)(D).** | **9/9/2018** | **9/19/2019** | **0** | **70** |
| 9/19/2018, Dkt. 62 | Dunnigan Mtn. for Release from Custody. | | | | |
| **9/20/2018, Dkt. 63** | **Order granting Gov't. request to exclude time – interest of justice, §§ 3161(h)(7)(A), 3161(h)(7)(B)(iv).** | **8/8/2018** | **2/19/2019** | **0** | **70** |
| 10/4/2018, Dkt. 68 | Dunnigan Mtn. to Change Venue. | | | | |
| 10/15/2018, Dkt. 72 | Gov't. Opp. To Supp. Mtn. to Suppress, § 3161(h)(1)(D) – briefing initially complete. | 9/9/2018 | 9/19/2019 | 0 | 70 |
| 1/28/2019 | Court finds it necessary to reopen suppression hearing, § 3161(h)(1)(D) – further hearing to be held. | 9/9/2018 | 9/19/2019 | 0 | 70 |
| 2/4/2019, Dkt. 83 | Lloyd Mtn. for Release from Custody. | | | | |
| **2/25/2019** | **Status conference regarding evidentiary hearing on suppression issue – interest of justice exclusion made for next four weeks, §§ 3161(h)(7)(A), 3161(h)(7)(B)(iv); also § 3161(h)(1)(D).** | **2/25/2019** | **3/25/2019** | **0** | **70** |
| 4/1/2019, Dkt. 90 | Dunnigan Mtn. for Release from Custody. | | | | |
| 7/16/2019, Dkt. 91 | Lloyd Supplemental Mtn. for Release from Custody. | | | | |
| 8/8/2019; Dkt. 94 | Status conference to set evidentiary hearing date, § 3161(h)(1)(D). | 9/9/2018 | 9/19/2019 | 0 | 70 |
| 8/14/2019 | Evidentiary hearing, § 3161(h)(1)(D) – conclusion of hearing, but further briefing requested. | 9/9/2018 | 9/19/2019 | 0 | 70 |
| 9/6/2019, Dkt. 103 | Dunnigan's post-hearing brief filed, § 3161(h)(1)(D) – briefing. | 9/9/2018 | 9/19/2019 | 0 | 70 |
| 9/13/2019, Dkt. 105 | Gov't post-hearing brief filed, § 3161(h)(1)(D) – briefing complete on suppression issue but oral argument is deemed necessary by the Court. | 9/9/2018 | 9/19/2019 | 0 | 70 |
| **09/19/2019** | **Post-hearing oral argument; § 3161(h)(1)(H) – 30-day advisement period begins.** | **9/19/2019** | **10/19/2019** | **0** | **70** |
| 10/15/2019, Dkt. 115 | Oral ruling on Dunnigan Supp. Mtn. to Suppress [Dkt. 60]. | 9/19/2019 | 10/19/2019 | 0 | 70 |
| 10/17/2019, Dkt. 116 | Decision and Order on Dunnigan Supp. Mtn. to Suppress [Dkt. 60]. | 9/19/2019 | 10/19/2019 | 0 | 70 |
| ***No contested time after 8/7/2019.** | | | | 0 | 70 |