UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ROMAN DUNNIGAN,
Movant.

Case No. 1:17-cr-00119-RJA-JJM
(Associated Civil No. _____)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

ROMAN DUNNIGAN, pro se, respectfully moves this Court for an order pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 264-month sentence for conspiracy to distribute 500 grams or more of cocaine.

## I. INTRODUCTION

This § 2255 motion challenges a 264-month sentence based on uncharged conduct a grand jury rejected, obtained through warrantless searches by a law enforcement unit this Court later found engaged in **"egregious violations of the Fourth Amendment."**

From arraignment through sentencing, AUSAs Timothy C. Lynch and Lenihan, along with law enforcement affiliated with the Buffalo Narcotics Strike Task Force, resurrected a theory the grand jury declined to indict, disguising it as "relevant conduct" to circumvent the grand jury's gatekeeping function and inflate Movant's sentence nearly five times beyond his co-defendant's sentence for identical conduct.

The Buffalo Narcotics Strike Task Force—Detective D.J. Granville and officers associated with that unit, including Detective William Granville (D.J. Granville's brother), who testified

1

at trial—conducted warrantless searches of Buffalo apartments and seized drugs and a firearm Movant was never charged with possessing.

In May 2025, this Court (Judge Richard J. Arcara) suppressed evidence in United States v. Burgin after finding that D.J. Granville's Buffalo Narcotics Strike Task Force engaged in "damning evidence of ... unlawful conduct," "egregious violations of the Fourth Amendment," "reckless ... grossly negligent disregard" for constitutional rights, staging evidence, misleading judges, altering warrants, and a pattern involving multiple officers—expressly rejecting claims these were "isolated acts."

Movant's case reflects the same Strike Task Force pattern this Court documented in *Burgin*:

- Grand jury declined to indict Buffalo apartment theory
- AUSA Lynch concealed rejection, claiming Government "waiting for DNA"
- Strike Task Force conducted warrantless searches of two Buffalo apartments
- William Granville testified about evidence his brother D.J.'s unit obtained
- Drugs/gun never charged but used to enhance sentence to 264 months
- Co-defendant Lloyd received 62 months (time served) for same charged conduct
- Second Circuit found both equally responsible for uncharged conduct
- Only Movant enhanced—4.3x disparity based on Strike Task Force evidence this Court found "egregiously" obtained

Movant respectfully requests this Court apply the same legal analysis to the Strike Task Force evidence here that it applied in Burgin. The evidence must be suppressed, and the conviction and sentence cannot stand.

2

## II. THIS COURT'S PRIOR FINDINGS:
## SAME STRIKE TASK FORCE, SAME PATTERN

This motion comes before the same Court that suppressed evidence in *Burgin* based on findings that D.J. Granville's Buffalo Narcotics Strike Task Force—the same unit that investigated Movant—engaged in "**egregious**" Fourth Amendment violations during the same operational period.

***Burgin:*** D.J. Granville's Strike Task Force, multiple apartments, warrants exceeded/altered, evidence staged, this Court suppressed all evidence.

**Dunnigan:** Same Strike Task Force, same period, Movant's apartment + second apartment, warrantless searches, William Granville (D.J.'s brother) testified about their evidence, drugs/gun used to enhance despite never being charged.

This Court rejected "isolated incident" claims in *Burgin,* finding "Granville was not the only law enforcement officer who acted in such a manner"—a pattern confirmed by Movant's case.

The grand jury's rejection of the Buffalo apartment theory takes on new significance: the grand jury likely recognized the Strike Task Force's evidence was constitutionally suspect—a judgment this Court vindicated in *Burgin.*

Competent counsel would have moved to suppress Strike Task Force evidence. Had this Court applied its *Burgin* analysis, the evidence would have been suppressed, eliminating venue, drug quantity findings beyond Houston, and enhancements inflating Movant's sentence from Lloyd's 77-96 month range to 264 months.

**This Court should apply the same standard here it applied in *Burgin*.**

3

## III. JURISDICTION AND TIMELINESS

This Court has jurisdiction under 28 U.S.C. § 2255(a). This motion is timely under § 2255(f)(4)—Movant could not have discovered:

- Grand jury rejection (concealed)
- This Court's May 2025 Burgin findings
- D.J. Granville's Brady listing
- William Granville's relationship to Strike Task Force leader
- Withheld impeachment material

Alternatively, equitable tolling applies: Government concealment, COVID constraints, delayed *Burgin* discovery.

## IV. PROCEDURAL HISTORY

- Convicted of conspiracy to distribute 500+ grams (Houston stop, ~1 kilogram).
- Government relied on uncharged Buffalo apartment allegations from D.J. Granville's Strike Task Force.
- Grand jury declined to indict Buffalo theory before superseding.
- AUSA Lynch concealed rejection at arraignment, claiming "waiting for DNA."
- Movant testified, admitted responsibility for charged one kilogram.
- William Granville testified about Strike Task Force evidence.
- AUSAs Lynch and Lenihan used Strike Task Force warrantless search evidence at trial/sentencing.
- **Sentenced to 264 months. Lloyd (same charged conduct):** 62 months (PSR level 24, range 77-96 before cooperation).

4

- Second Circuit found both equally responsible for uncharged conduct—yet only Movant enhanced (4.3x disparity).

## V. STATEMENT OF FACTS

**Charged:** Houston ~1 kg = 500+ grams conspiracy.

**Acceptance:** Testified, admitted responsibility for charged conduct.

**Uncharged (Grand Jury Rejected):** Buffalo apartments, drugs, gun—D.J. Granville's Strike Task Force investigation.

**Lynch's Concealment:** Told magistrate "waiting for DNA," concealed grand jury rejection.

**Strike Task Force (This Court Found Unconstitutional in *Burgin*):** D.J. Granville led unit.

**May 2025:** this Court found **"egregious"** violations, staging, misleading, altering warrants—pattern. D.J. Granville placed on Brady list.

**Warrantless Searches:** Movant's apartment: No warrant. Strike Task Force seized drugs/gun never charged, used to enhance. Never provided warrant.

**Second apartment:** Two apartments, one warrant. Strike Task Force exceeded authority—same pattern as *Burgin*. Janitor/leasing manager (counsel failed to call) would confirm.

**William Granville Testimony:** D.J. Granville's brother testified about Strike Task Force evidence—potential bias, familial connection to investigating unit leader. Counsel failed to investigate relationship, challenge bias, impeach with Strike Task Force pattern.

5

**DNA via Proxy:** Surrogate witness, not analyst. Violated *Crawford v. Washington, Bullcoming v. New Mexico*. Used to link Movant to uncharged apartments.

**Jencks Not Reviewed:** Counsel admitted not reviewing § 3500 before trial. Failed to call witnesses, impeach Strike Task Force.

**No Fatico:** No special verdict, no hearing. Court relied on contested Strike Task Force uncharged conduct.

**Lloyd Disparity:** Lloyd **62** months (level 24, 77-96 range before cooperation). Movant **264** months (Strike Task Force uncharged conduct).

**Second Circuit:** equal responsibility. Lloyd not enhanced, Movant enhanced—4.3x disparity for Strike Task Force evidence this Court found **"egregiously"** obtained.

## VI. GOVERNING LEGAL STANDARDS

**§ 2255:** Relief if sentence violated Constitution. 28 U.S.C. § 2255(a). Evidentiary hearing unless record conclusively shows no relief. § 2255(b).

***Strickland v. Washington*, 466 U.S. 668 (1984):** Deficient performance + prejudice.

**Procedural Default:** Cause (ineffectiveness, concealment) + prejudice. *Murray v. Carrier*, 477 U.S. 478 (1986).

**Confrontation:** No surrogate for testing analyst. *Crawford v. Washington*, 541 U.S. 36 (2004); *Bullcoming v. New Mexico*, 564 U.S. 647 (2011).

**Fourth Amendment:** Warrantless searches per se unconstitutional. *Florida v. Jardines*, 569 U.S. 1 (2013). Fruits can't enhance sentences. *United States v. Jones*, 808 F.3d 26 (2d Cir. 2015); *Tejada*, 956 F.2d 1256 (2d Cir. 1992).

***Apprendi*:** Facts increasing penalty need jury, proof beyond reasonable doubt. *Apprendi v. New Jersey, 530 U.S. 466 (2000)*. Drug quantity = element. *Alleyne v. United States, 570 U.S. 99 (2013); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001); United States v. Garcia, 413 F.3d 201 (2d Cir. 2005)*.

***Fatico*:** Hearing required for contested sentencing facts. *United States v. Fatico, 579 F.2d 707 (2d Cir. 1978); United States v. Gigante, 94 F.3d 53 (2d Cir. 1996)*.

## VII. GROUNDS FOR RELIEF

**GROUND ONE:** Ineffective Assistance - Grand Jury-Rejected Conduct

Grand jury declined to indict Buffalo theory. AUSAs Lynch/Lenihan repackaged as "relevant conduct" to drive venue, guilt, sentencing—bypassing grand jury. *Salameh, 152 F.3d 88 (2d Cir. 1998)*.

Counsel failed to move to exclude evidence grand jury rejected—especially Strike Task Force evidence this Court found "egregiously" obtained.

**Prejudice:** Without rejected Strike Task Force evidence, no venue, no 500+ finding, sentence comparable to Lloyd's 62 months.

**GROUND TWO:** Fourth Amendment + *Apprendi*

This Court found Strike Task Force "egregious" violations in *Burgin*. **Same unit investigated Movant same period.**

**Warrantless searches:** Movant's apartment (**no warrant**), second apartment (two apartments, one warrant). Strike Task Force seized drugs/gun never charged, used to enhance—same pattern as *Burgin*. *Jones, Tejada* require suppression at sentencing.

7

***Apprendi:*** Movant testified, admitted charged conduct. Never charged with apartment drugs/gun. Using uncharged items this Court found "egregiously" obtained violates *Apprendi*—penalty increase needs jury, proof beyond reasonable doubt. Thomas, Garcia.

Never provided warrant—concealment mirrors *Burgin* pattern.

**Prejudice:** Had counsel suppressed and had this Court applied *Burgin* analysis, Strike Task Force evidence suppressed. Sentence would be Lloyd's 77-96 range.

**GROUND THREE:** Confrontation Clause

DNA through surrogate, not analyst. *Crawford,* Bullcoming violation. Used to link Movant to uncharged apartments. Counsel failed to object/exclude.

**Prejudice:** Strike Task Force uncharged theory substantially weakened without DNA link.

**GROUND FOUR:** *Jencks* Failure + William Granville Issues

Counsel admitted not reviewing § 3500 before trial. Failed to:

Call janitor/leasing manager (would prove two-apartment search)

Investigate William Granville's relationship to D.J. Granville

**Challenge bias:** brother testifying about his brother's unit's evidence

Impeach with Strike Task Force pattern this Court documented

*Gordon, 156 F.3d 376 (2d Cir. 1998); Caracappa, 614 F.3d 30 (2d Cir. 2010).*

**Prejudice:** Witnesses would have exposed warrantless searches, William Granville impeached with familial bias and Strike Task Force pattern.

**GROUND FIVE:** No Fatico Hearing

8

Jury told "write down quantities"—no special verdict separating charged from Strike Task Force uncharged conduct. No Fatico hearing. Court relied on contested Strike Task Force conduct this Court found "egregiously" obtained. *Fatico, Gigante.*

**Prejudice**: *Fatico* would have required exclusion of illegally obtained Strike Task Force evidence, sentence within Lloyd's range.

**GROUND SIX**: Sentencing Disparity

Testified, admitted charged conduct—acceptance denied.

**Lloyd: 62** months (level 24, 77-96 before cooperation).

**Movant: 264** months (Strike Task Force uncharged conduct).

**Second Circuit**: Both equally responsible for uncharged conduct.

**Result: Lloyd not enhanced, Movant enhanced—4.3x disparity.**

**No factual basis:** No evidence placing Movant in Buffalo, no witnesses, no phone records, no surveillance.

**Constitutional Violations:** *Cordoba-Murgas, 750 F.3d 116 (2d Cir. 2014)*—disparity must be rationally related to legitimate goals. 4.3x disparity for equal responsibility based on Strike Task Force evidence this Court found "egregiously" obtained = no rational basis. *Rigas, 583 F.3d 108 (2d Cir. 2009).*

**Due Process:** *Vaval, 404 F.3d 144 (2d Cir. 2005)*—can't rely on constitutionally defective info.

**Strike Task Force evidence:** (1) grand jury rejected (unreliable), (2) warrantless searches this Court found "egregious" (defective), (3) selective application despite equal responsibility (arbitrary). *Cavera, 550 F.3d 180 (2d Cir. 2008).*

**Sixth Amendment:** *Crosby, 397 F.3d 103 (2d Cir. 2005); Vaughn, 430 F.3d 518 (2d Cir. 2005)*—bypassed grand jury, jury, constitutional procedures.

*Dossie, 851 F. Supp. 2d 478 (E.D.N.Y. 2012):* "Where only explanation is selective enhancement, **sentence cannot stand.**" *Belgrave, 934 F.2d 1375 (2d Cir. 1991).*

**Counsel failed to:** emphasize acceptance, present Lloyd comparison, highlight equal responsibility finding, challenge Strike Task Force evidence, challenge William Granville bias, demand *Fatico,* argue disparity.

**Prejudice:** Proper presentation = sentence within Lloyd's range or rejection of Strike Task Force enhancements.

**GROUND SEVEN:** Cumulative Error

**Cumulative effect:** prosecutorial concealment, Strike Task Force warrantless searches this Court found "egregious", Confrontation violation, *Jencks* failure, William Granville bias unchallenged, no *Fatico,* acceptance denied, 4.3x disparity despite equal responsibility. *Shareef, 190 F.3d 71 (2d Cir. 1999); Canova, 412 F.3d 331 (2d Cir. 2005).*

Compounded by this Court's *Burgin* findings confirming Strike Task Force evidence "egregiously" obtained.

## VIII. DISCOVERY AND EVIDENTIARY HEARING

Evidentiary hearing under § 2255(b). Discovery under Rules 6-7 for:

1. Grand jury materials
2. All search warrants (or acknowledgment none exist)
3. DNA analyst identity

10

4. All Jencks/Brady material

5. Complete Burgin file (order, transcripts, video)

6. Strike Task Force personnel records (overlap, *William/D.J. Granville relationship, Brady* status)

7. D.J. Granville records (complaints, Brady placement)

8. Lloyd PSR/sentencing transcript

9. Cooperation agreements (timeline)

10. Second Circuit opinion (equal responsibility)

11. Trial transcript (Movant's testimony, William Granville testimony)

12. Burgin-Dunnigan Strike Task Force comparison

## IX. RELIEF REQUESTED

- Vacate conviction/sentence, order new trial; or

- Vacate sentence, order resentencing; and Order evidentiary hearing; and Grant discovery.

- MINIMUM: Resentencing without Strike Task Force uncharged conduct, including:
    - acceptance credit,
    - sentence consistent with Lloyd (62 months),
    - application of this Court's *Burgin* standard,
    - no enhancements based on grand jury-rejected,
    - uncharged,
    - Strike Task Force evidence this Court found "egregiously" obtained, or facts never proven constitutionally.

11

**At minimum, apply this Court's *Burgin* analysis. If uncharged conduct considered, treat Movant identically to Lloyd given equal responsibility.**

## X. CONCLUSION

Movant testified, admitted responsibility for charged conduct. Despite this, sentenced based on uncharged conduct: grand jury rejected, obtained through Strike Task Force warrantless searches this Court found "egregious," never charged, **Second Circuit found equal responsibility, yet only Movant enhanced.**

This Court determined in *Burgin* that D.J. Granville's Strike Task Force engaged in a pattern of constitutional violations. Movant's case—investigated by same Strike Task Force, D.J.'s brother William testifying about their evidence—reflects that pattern.

**Result: 264** months vs. **62** months—**equal responsibility, 4.3x disparity driven by Strike Task Force evidence this Court found "egregiously" obtained.**

**This Court should apply the same analysis here it applied in *Burgin*. Strike Task Force evidence must be suppressed. The conviction and sentence cannot stand.**

12

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and understanding of the law.

Executed on this 23th day of January, 2026.

## CERTIFICATE OF SERVICE

I certify that on this 23th day of January, 2026, I served a copy via u.s.postal service on to:

> U.S. Attorney's Office, W.D.N.Y.
> 138 Delaware Avenue,
> Buffalo, NY 14202,

Respectfully Submitted,

/s/ ROMAN DUNNIGAN
   USM NO: 17752-055
  **PRO'SE REPRESENTATION**,
  FCI BEAUMONT LOW
  P.O. BOX 26020
  BEAUMONT, TX 77720

13

Roman Dunnigan
USM No: 17752-055
FCI Beaumont Low
P.O. Box 26020
Beaumont, TX 77720

17-CR-119

USDC - WDNY
FEB - 2 2026
BUFFALO

Retail

U.S. POSTAGE PAID
FCM LETTER
PASADENA, TX 77501
JAN 27, 2026

14202

$1.36

S2324H505315-14

RDC 99

Robert H. Jackson U.S. Courthouse

2 Niagra Square
Buffalo, NY 14202